# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

    v.                                   Case No. 09-CR-230

HARRY C. GLINBERG,

    Defendant.

## DECISION AND ORDER

Defendant Harry C. Glinberg has been charged in a five-count indictment with conspiracy to engage in money laundering, failure to file a Form 8300 upon receipt of more than $10,000 and money laundering. The defendant has pled not guilty to the charges. The defendant filed pretrial motions and on July 15, 2010, the court conducted an evidentiary hearing on the defendant's motion to suppress evidence and motion to suppress statements. On November 17, 2010, this court issued a report and recommendation to United States District Judge Rudolph T. Randa recommending that the motions be denied.

During the evidentiary hearing on the defendant's motions, Special Thomas Glunz of the Internal Revenue Service (IRS) testified that he had reviewed "the undercover proposal to get our undercover operation initiated through the IRS." (Evidentiary Hearing Transcript [Tr.] at 29). The defendant then moved for production of the undercover proposal which had not been provided to him in discovery. By decision and order dated November 17, 2010, the court ordered the government to provide a copy of the undercover proposal for the court's in camera review so that it could determine whether the proposal constitutes a "statement" under Rule 26.2(f).

As the court indicated in that order, Rule 26.2(a) of the Federal Rules of Criminal Procedure provides:

> After a witness, other than the defendant has testified on direct examination, the court, on motion of a party who did not call the witness must order an attorney for the government or the defendant and the defendant's attorney to produce, for the examination and use of the moving party, any statement of the witness that is in their possession and that relates to the subject matter of the witness's testimony.

A witness's "statement" is defined in Rule 26.2(f), which provides in relevant part: "(1) a written statement that the witness makes and signs, or otherwise adopts or approves; (2) a substantially verbatim, contemporaneously recorded recital of the witness's oral statement that is contained in any recording or any transcription of a recording." Fed. R. Crim P. 26.2(f)(1) and (2).

The court has completed its in camera review of the undercover proposal. The court finds that the undercover proposal does not qualify as a statement under Rule 26(f)(2). Moreover, it is not written statement that the Special Agent Glunz signed or otherwise adopted or approved. Thus, the court concludes that the undercover proposal is not a "statement" under Rule 26.2(f). Accordingly, such document need not be disclosed to the defendant.

**NOW, THEREFORE, IT IS ORDERED** that the defendant's request for production of the undercover proposal reviewed by Special Agent Glunz pursuant to Rule 26.2(a) be and hereby is **denied**.

Your attention is directed to 28 U.S.C. § 636(b)(1)(A) and Fed. R. Crim. P. 59(a) (as amended effective December 1, 2009) whereby written objections to any order herein or part thereof may be filed within fourteen days of service of this order. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of the district

- 2 -
Case 2:09-cr-00230-RTR    Filed 12/14/10    Page 2 of 3    Document 65

judge assigned to the case. Failure to file a timely objection with the district court shall result in a waiver of a party's right to appeal.

Dated at Milwaukee, Wisconsin, this 14th day of December, 2010.

BY THE COURT:

s/Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge